FILED
2006 Nov-21  AM 07:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MERCEDES-BENZ U.S. INTERNATIONAL, INC., ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO.: |
| v. ) ) | CV-05-RRA-2143-W |
| J. BAKER & ASSOCIATES, INC., ) ) | |
| Defendant. ) | |

| | |
|---|---|
| J. BAKER & ASSOCIATES, INC., ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CV-05-RRA-2519-W |
| MERCEDES-BENZ U.S. INTERNATIONAL, INC., ) ) ) | |
| Defendant. ) | |

## **MEMORANDUM OF OPINION**

On September 21, 2006, the Magistrate Judge issued a Report and Recommendation (doc. 23) recommending that the Motion for Summary Judgment (doc. 18) filed by Mercedes-Benz U.S. International, Inc. ("Mercedes-Benz") be denied. On October 10, 2006, Mercedes-Benz filed its Objection (doc. 24) to the Report and Recommendation. On October 26, 2006, J. Baker & Associates, Inc. ("J.

Baker") filed its Response (doc. 26) to Mercedes-Benz's Objection. For the reasons set forth hereinafter, the Court reached an independent conclusion, after a full and de novo review of the entire contents of the file, that the Objection is due to be **OVERRULED**, the Magistrate Judge's Report is due to be **ADOPTED** as clarified in this Memorandum Opinion, and that Mercedes-Benz's Motion for Summary Judgment is due to be **DENIED**.

## BACKGROUND

In these consolidated cases, J. Baker seeks to assert rights under a contract between J. Baker and Mercedes-Benz, while Mercedes-Benz seeks to have the Court declare, *inter alia*, that the contract is void under Alabama's forum-closing statute, ALA. CODE §§ 10-2(b)-15.01 & 15.02(a) (1999 Repl. Vol.). The factual background of this case has been set out fully in Magistrate Armstrong's Report and Recommendation (doc. 23).

Mercedes-Benz has objected that Magistrate Armstrong's Report and Recommendation is wrong, and that Mercedes-Benz's Motion for Summary Judgment is due to be granted. After full de novo review of the entire file, including the Report and Recommendation, the parties' briefs, and after independent research on key legal issues, the Court concludes that Magistrate Armstrong's Report and Recommendation is correct and due to be adopted.

However, Mercedes-Benz has alternatively objected that, in the Report and

Recommendation, Magistrate Armstrong "appeared to make unnecessary findings of fact and associated conclusions of law which exceed Rule 56 of the Federal Rules of Civil Procedure and could potentially prejudice [Mercedes-Benz] during the pendency of this matter." (Objection, p. 2). By Order dated October 13, 2006, (sox. 25), Magistrate Armstrong stated, as to this objection, "[t]o clarify, [Magistrate Armstrong] did not make findings of fact. Stating in the report and recommendation disputed facts as definite statements of fact was nothing more than stating the evidence in the light most favorable to the non-moving party. Disputed material facts remain for future resolution."

At summary judgment, all genuinely disputed material facts, and all reasonable inferences to be drawn from those facts, are to be viewed in the light most favorable to the non-moving party. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). And, the facts for summary judgment are not necessarily the facts of the case. Indeed, discovery has not yet been taken in this case, and that discovery may develop facts in addition to or other than the facts as argued by the parties to date. And, if the case proceeds to trial, the facts as developed at trial may again differ from the facts as developed in discovery. The Magistrate Judge's Report and Recommendation in no way cuts off the parties' oppotunities to further develop the facts of this case.

Therefore, Mercedes-Benz's objections are **OVERRULED**, and the Court

hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge, as clarified in this Memorandum of Opinion, as the findings and conclusions of the Court.

A separate Order will be entered.

**DONE** and **ORDERED** this the 21st day of November, 2006.

                                                                               _____
                                                                               **VIRGINIA EMERSON HOPKINS**
                                                                               United States District Judge